# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 12-81 |
| | ) | Judge Nora Barry Fischer |
| PETER TAT, | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

I.  INTRODUCTION

Presently before the Court are two remaining pretrial motions filed by Defendant Peter Tat ("Tat") which are contested, in whole or in part, by the Government and were not addressed by the Court's Order of March 25, 2014 denying ten additional pretrial motions brought by Tat based on representations of the parties at the Court's Motion Hearing that such matters were either resolved and/or moot by the Government's disclosures. (Docket Nos. 538; 715; 827). To this end, Tat moves to dismiss the Indictment based on an asserted lack of specificity and further asserts that the charge is flawed because marijuana allegedly no longer meets the criteria for a Schedule I controlled substance under 21 U.S.C. § 812(c)(10). (Docket No. 538). Tat also requests that the Court order the Government to make a pretrial designation of the wiretap recordings it plans to introduce at trial and to provide him with transcripts of same it plans to seek admission into evidence at least sixty (60) days in advance of trial. (Docket No. 715). The Government opposes the Motion to Dismiss and, with respect to the Motion for Disclosure, states that it will produce the official transcripts of the Title III recordings it plans to introduce during its case-in-chief as soon as possible and at least ten days prior to trial. (Docket No. 788).

For the following reasons, Tat's Motion to Dismiss [538] is DENIED and his Motion for Pretrial Designation of All Telephone Calls that the Government Intends to Use at Trial [715] is GRANTED.

II.  RELEVANT BACKGROUND

Tat is among twenty defendants who were charged by a grand jury in a single indictment filed on April 3, 2012, with one count of conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.  (Docket No. 1).  Specifically, the Indictment states that the grand jury charges:

> From in and around October 2010, and continuing thereafter to in and around March 2012, in the Western District of Pennsylvania and elsewhere, the defendants, JENNIFER CHAU CHIEU, HAHN TRAN a/k/a Henry, TOM ICH CHIEU, NGOC PHU DINH a/k/a Phu a/k/a Crazy Phu, PHILONG HAU CHUONG a/k/a Phi, a/k/a The Old Man, TORON BROOKS-CHAPMAN, CAQUAINE MCGRIFF a/k/a Christy, MICHAEL A. FAZIO, STANLEY VAN BACH a/k/a Ah Ping, JOHN W. BALISTREIRI, JOSEPH PARKER, CHRISTOPHER MCNUTT, DONG VAN TRAN, QUYHN TRAN, a/k/a Nhu, KIET QUOC SON, POI TRAN a/k/a Ah Poi, PETER TAT a/k/a Cuong, a/k/a Keung, RICHARD TRAN, TUAN LNU a/k/a Fat Boy, and JENNY KIU SAY TROUNG, did knowingly, intentionally and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii),
>
> In violation of Title 21, United States Code, Section 846.

(Docket No. 1).  The Indictment also contains forfeiture allegations which are not at issue in this Memorandum Order.  (*Id.*).  At this time, seventeen of the codefendants have either entered guilty pleas and/or have requested that a change of plea hearing be scheduled.  Of the remaining

codefendants, Defendant Philong Hau Chuong's[1] case awaits a trial listing and the final defendant, Tuan Lnu, has avoided apprehension by law enforcement and has yet to appear in this Court.

In brief summary, the Government alleges that Tat was a member of a multi-state marijuana conspiracy which was investigated via authorized Title III wiretap interceptions, among other investigative techniques. (Docket No. 788). The parties agree that the intercepted wire transmissions include "hundreds of hours" of intercepted conversations by individuals speaking at least four separate languages, including Vietnamese and three separate Chinese dialects. (Docket Nos. 715; 788 at 11-12). They likewise do not dispute that the Government provided Tat with a substantial amount of discovery material during the pendency of this case, including all of the following in its Rule 16.1 disclosures in May of 2012: (1) copies of the Title III audio recordings; (2) the underlying judicial process (applications and affidavits); (3) line sheets with unofficial "rough" translations of the intercepted conversations; and, (4) the names of the intercepted individuals including identification of wire transmissions where Tat is intercepted or mentioned by others. (*Id.*).

The Government proffers that it does not intend to present all of this voluminous evidence at trial but advises it will seek to admit both audio recordings and official transcriptions and translations of certain of the relevant intercepted transmissions during its case-in-chief. (Docket No. 788 at 11-12). The Government also states that it has not yet produced any official transcripts and/or translations to the defense because it has not made a final determination of which portions of the evidence it will present at trial and has not procured official transcripts or translations of all of the intercepted communications because of the prospective costs of same,

---

[1] Defendant Chuong is also charged with a second count alleging that he committed the crime of money laundering conspiracy. (Docket No. 1).

which it estimates may be between $50,000.00 and $100,000.00. (*Id.*). The estimates for the production of the transcripts varies so greatly because the Government asserts that it will need to present more voluminous evidence if both Defendant Chuong and Tat exercise their constitutional rights and proceed to a jury trial. (*Id.*).

III. MOTION TO DISMISS INDICTMENT

The Court initially turns to Tat's Motion to Dismiss the Indictment, wherein he claims that the Indictment should be dismissed for lack of specificity and because marijuana is allegedly no longer properly designated as a Schedule I controlled substance under federal law. (Docket No. 538). The Government opposes both of Tat's theories of dismissal. (Docket No. 788). In short, the Court agrees with the Government that neither of Tat's challenges to the Indictment support dismissal under Rule 12.

With respect to the challenge to the sufficiency of the Indictment, it is well established that:

> an indictment [is] sufficient so long as it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.' *United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007) (internal quotation marks omitted). Moreover, 'no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.' *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

*United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011) (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *United*

4

*States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)); *see also United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

Here, the challenged Indictment satisfies all of these requirements because it: (1) informs Tat that he is charged with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 846; (2) sufficiently sets forth the elements of the charge of conspiracy to distribute more than 1,000 kilograms of marijuana, including the applicable *mens rea* of acting knowingly, intentionally and unlawfully to conspire with persons both known and unknown to the grand jury to distribute such marijuana; and, (3) specifies the time frame of the alleged criminal conduct, i.e., from October 2010 through March 2012. *Id.* In this Court's opinion, the Indictment is valid on its face, which "is enough to call for trial of the charge on the merits." *Huet*, 665 F.3d at 595 (quotations omitted). Accordingly, Tat's motion to dismiss is denied, to the extent he contends that it should be dismissed for an alleged lack of specificity. *Id.*

Tat next argues that the charge should be dismissed because marijuana is allegedly no longer properly classified as a Schedule I controlled substance and enforcement of same violates his rights under the Due Process Clause of the Fifth Amendment. (Docket No. 538). For support, Tat references the recent changes in state laws, particularly those of Colorado and Washington, which have now legalized and regulated the sale of marijuana for personal use as well as other jurisdictions which have authorized and regulated the use of marijuana for medicinal purposes. (*Id.*). In opposition, the Government maintains that the designation of marijuana as a Schedule I controlled substance was made by Congress, has been upheld by the Supreme Court of the United States and remains controlling federal law. (Docket No. 788 at 22).

Marijuana is listed as a Schedule I controlled substance under the Controlled Substances Act ("CSA"). *See* 21 U.S.C. § 812(c)(10). Section 812(b)(1) sets forth three factors to determine

if a drug should be classified as a Schedule I controlled substance, i.e., "(A) The drug or other substance has a high potential for abuse; (B) The drug or other substance has no currently accepted medical use in treatment in the United States; [and] (C) There is a lack of accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. § 812(b)(1)(A)-(C). Through its enactment of the CSA, 21 U.S.C. § 801, *et seq.*, Congress has designated marijuana as a Schedule I drug. *See Gonzalez v. Raich*, 545 U.S. 1, 14 (2005) (citing 21 U.S.C. § 812(c)). "The CSA provides for the periodic updating of schedules and delegates authority to the Attorney General, after consultation with the Secretary of Health and Human Services, to add, remove, or transfer substances to, from, or between schedules. § 811. Despite considerable efforts to reschedule marijuana, it remains a Schedule I drug." *Id.* at 14-15.

Tat's arguments challenging the constitutionality of the enforcement of federal marijuana laws are not unique in that they have been repeatedly raised by criminal defendants and summarily rejected by the courts. For reasons succinctly explained by these courts, this Court agrees that Congress had a rational basis for proscribing the interstate manufacturing and distribution of marijuana through the CSA. *See e.g., Raich*, 545 U.S. at 21-22 (holding that Congress's regulation of marijuana survived rational basis review); *United States v. White Plume*, 447 F.3d 1067, 1076 (8th Cir. 2006) ("Since categorizing marijuana, be it for drug- or industrial-use, as a Schedule I substance passes muster under the rational basis test, the CSA does not violate the Companies' due process rights."); *United States v. Oakland Cannabis Buyers' Co-op*, 259 F. App'x 936, 938 (9th Cir. 2007) ("placement of marijuana in Schedule I of the [CSA] satisfies rational basis review"). Further, a criminal defendant who has not sought authorization from the Attorney General prior to manufacturing or distributing a Schedule I controlled substance lacks standing to challenge a drug's classification in Schedule I, *see United*

*States v. McWilliams*, 138 F. App'x 1, 2-3 (9th Cir. 2005), because "reclassification is clearly a task for the legislature and the attorney general and not a judicial one," *United States v. Burton*, 894 F.2d 188, 192 (6th Cir. 1990). In any event, despite his references to state laws regulating medicinal marijuana and personal use, Tat has made no argument or presented any evidence that his involvement in the charged multi-state conspiracy to distribute marijuana was authorized under the laws of any other jurisdictions. (*See* Docket No. 538). Indeed, the criminal conduct charged in this case allegedly took place between June of 2010 and March of 2012, several years <u>before</u> Colorado and Washington's laws on personal use became effective and while the State of California regulates certain forms of medicinal marijuana, the Commonwealth of Pennsylvania has not. Accordingly, the Court rejects Tat's position that the charge should be dismissed as violative of his Due Process rights.

For these reasons, Tat's Motion to Dismiss [538] is DENIED.

IV.     MOTION FOR PRETRIAL DESIGNATION OF ALL TELEPHONE CALLS THAT THE GOVERNMENT INTENDS TO USE AT TRIAL

Tat next requests that the Court enter an Order directing the Government to identify the Title III interceptions it plans to introduce at trial and to produce transcripts of same to the defense at least sixty days prior to trial. (Docket No. 715). As noted above, the Government has produced all of the Title III recordings to the defense, along with line sheets and rough translations of the conversations and proffers that it will produce the transcripts it will seek to admit at trial no later than ten days prior to jury selection. (Docket No. 738 at 11-12). Having fully considered the matter, the Court will grant Defendant's Motion for Disclosure and set a date certain for the Government's production of transcripts of the Title III recordings sixty days prior to trial in its Pretrial Order.

The Court reaches this decision for a number of reasons. First, as the Court indicated at

the motion hearing, a detailed Pretrial Order will be entered and the Court will schedule a Pretrial Conference approximately seven days prior to jury selection, at which time any motions in limine, evidentiary disputes, jury instructions and any other disputed matters are argued in advance of trial. *See Practices and Procedures of Judge Nora Barry Fischer*, §§ IV.B., IV.E, Exhibit "I", *available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf (effective Feb. 5, 2013). The Court believes that these procedures are necessary for a fair and efficient trial and are designed to permit the Court to make pretrial rulings on disputed matters in order to avoid unnecessary objections and sidebars which cause delays in the jury's primary task of hearing the parties' evidence in the case. *See* FED. R. CRIM. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."). Second, while audio and video recordings are generally admissible "unless the unintelligible portions of the tapes are so substantial as to render the recordings as a whole untrustworthy," *United States v. Salvo*, 34 F.3d 1204, 1220 (3d Cir. 1994) (citations omitted), it is the Government's burden to provide a sufficient foundation for the authenticity and accuracy of the Title III recordings at trial, *see United States v. Starks*, 515 F.2d 112, n.11 (3d Cir. 1975), and in fairness, Tat (and Defendant Chuong) must be provided with sufficient notice of the specific wire interceptions which the Government intends to admit so that they have a meaningful opportunity to raise any colorable objections to same. And, again, to the extent possible, the Court will endeavor to resolve such objections prior to trial.

Third, the Court is aware that other members of this Bench have ordered the Government to provide the wire recordings and transcripts to the defense at least thirty days prior to jury selection, *see United States v. Harvey*, Cr. No. 12-113, 2014 WL 657595, at *9-10 (W.D. Pa.

Feb. 20, 2014) (McVerry, J.), but that case involved interceptions of alleged heroin traffickers from Washington County, Pennsylvania and does not appear to have required the intercepted wire transmissions to be translated into English from four separate foreign languages, as does the instant matter. Fourth, whether to admit transcripts produced by the Government as an aide to the jury's evaluation of the wiretap evidence is discretionary, *see United States v. Adams*, 759 F.2d 1099, 1115 (3d Cir. 1985), and the notes to Third Circuit Model Jury Instruction ¶ 2.08 recommend that the Court follow the procedures set forth in *United States v. Zambrana*, 841 F.2d 1320, 1335-36 (7th Cir. 1988) in order to resolve any disputes by the parties to the translations, which this Court is inclined to follow. To this end, the parties will be ordered to: (1) meet and confer and agree upon a transcript; (2) if the parties cannot agreed upon a transcript, Defendants will be given an opportunity to present their own versions of the transcript; and (3) if multiple versions are presented to the jury, the parties will be permitted to present evidence to challenge the accuracy of their opponent's version.[2] *Id.* Appropriate limiting instructions will also be provided after consultation with counsel. *See Third Circuit Model Criminal Jury Instruction* ¶¶ 2.07, 2.08. In light of these procedures and the need for translations of such voluminous evidence, the Court believes that the sixty day time period for pretrial disclosure of the wire recordings which will be presented and the transcripts is necessary and in the interests of justice. Accordingly, Tat's Motion for Pretrial Disclosure [715] is GRANTED.

V. CONCLUSION/ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Tat's Motion to Dismiss [538] is DENIED; and,

IT IS FURTHER ORDERED that Tat's Motion for Pretrial Disclosure [715] is

---

[2] The Court notes that counsel for the Government and counsel for Defendant Chuong engaged in a meet and confer session regarding some disputes to the certain of the recordings and rough translations after the Status Conference on March 25, 2014. (*See* Docket No. 829).

GRANTED;

Finally, the Court has separately entered an Order scheduling a Status Conference with counsel for the Government and counsel for Defendants Tat and Chuong to set these matters for trial and enter a Pretrial Order.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 24, 2014

cc/ecf: All counsel of record